<table>
<tr><td><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

**District of New Jersey**
(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an amended filing

<u>Official Form 201</u>

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/25

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | <u>**Multi-Color Corporation**</u> |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | <u>31-1125853</u> |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| **3284 Northside Parkway NW**<br>Number    Street | **4053 Clough Woods Drive**<br>Number    Street |
| **Suite 400** | P.O. Box |
| **Atlanta, Georgia 30327**<br>City    State    Zip Code | **Batavia, Ohio 45103-2586**<br>City    State    Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Fulton County**<br>County | Number    Street |
| | City    State    Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.mcclabel.com/en** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **Multi-Color Corporation**
     Name                                               Case number *(if known)*

| | |
|---|---|
| **7. Describe debtor's business** | **A.** *Check One:* |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**3231 (Printing and Related Support Activities)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check **all** that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☒ A plan is being filed with this petition.

    ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | MM/DD/YYYY | Case number | _____ |
| District | _____ | When | MM/DD/YYYY | Case number | _____ |

| Debtor | **Multi-Color Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|
| | District | **District of New Jersey** | When | **01/29/2026** |
| | | | | MM / DD / YYYY |
| | Case number, if known | | | |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                              State        Zip Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
              Contact name _____
              Phone _____

---

| | **Statistical and administrative information** |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☒ More than 100,000

| Debtor | Multi-Color Corporation | Case number (if known) | |
|---|---|---|---|
| | Name | | |

| 15. Estimated assets (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

| 16. Estimated liabilities (on a consolidated basis) | ☐ $0–$50,000 | ☐ $1,000,001–$10 million | ☐ $500,000,001–$1 billion |
|---|---|---|---|
| | ☐ $50,001–$100,000 | ☐ $10,000,001–$50 million | ☒ $1,000,000,001–$10 billion |
| | ☐ $100,001–$500,000 | ☐ $50,000,001–$100 million | ☐ $10,000,000,001–$50 billion |
| | ☐ $500,001–$1 million | ☐ $100,000,001–$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **01/29/2026**
MM/ DD / YYYY

**✗**    _/s/ Garrett Gabel_                    Garrett Gabel
Signature of authorized representative of debtor        Printed name

Title    **Authorized Signatory**

**18. Signature of attorney**

**✗**    _/s/ Michael D. Sirota_        Date    **01/29/2026**
Signature of attorney for debtor                MM/DD/YYYY

**Michael D. Sirota**
Printed name

**Cole Schotz P.C.**
Firm name

**Court Plaza North, 25 Main Street**
Number            Street

**Hackensack**                **New Jersey**        **07601**
City                        State            ZIP Code

**(201) 489-3000**                **msirota@coleschotz.com**
Contact phone                    Email address

**014321986**                **New Jersey**
Bar number                    State

<table>
<tr><td colspan="3"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

| | |
|---|---|
| United States Bankruptcy Court for the: | |
| **District of New Jersey** | |
| (State) | |
| Case number *(if known)*: _____  Chapter ___11___ | |

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of New Jersey for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Multi-Color Corporation.

- **Multi-Color Corporation**
- **Collotype International Holdings Pty Ltd**
- **Cunamara Investments Pty Limited**
- **Exportaciones IM -Promocion, S.A. de C.V.**
- **Grafo Regia, S. de R.L. de C.V.**
- **Hally Group Pty Ltd**
- **Hally Labels Pty Limited**
- **Hexagon Holdings Limited**
- **Kiwi Labels Limited**
- **Labels Buyer, LLC**
- **LABL Acquisition Corporation**
- **LABL Holding Corporation**
- **LABL, Inc.**
- **LABL Intermediate Holding Corporation**
- **MCC Ablis France SAS**
- **MCC Adelaide Pty Ltd**
- **MCC Albany Limited**
- **MCC Auckland Limited**
- **MCC Cardiff Ltd.**
- **MCC Christchurch Limited**
- **MCC France EST SAS**
- **MCC France Ouest SAS**
- **MCC Griffith Pty Ltd**
- **MCC Label Sydney Pty Ltd**
- **MCC Labels Australia Holdings Pty Ltd**
- **MCC Labels Australia Pty Ltd**
- **MCC Manufacturing, Inc.**
- **MCC Melbourne Pty Ltd**
- **MCC Nantes France SAS**
- **MCC Perth Pty Ltd**
- **MCC Poznań Sp. z o.o.**
- **MCC Smart Packaging Solutions, LLC**
- **MCC Verstraete Australia Pty Ltd**
- **MCC Verstraete In Mold Labels USA Inc.**
- **MCC Verstraete N.V.**
- **MCC-Norwood, LLC**
- **Multi-Color (New Zealand) Holdings Pty Limited**
- **Multi-Color (New Zealand) Pty Limited**
- **Multi-Color (QLD) Pty Ltd**
- **Multi-Color Australia Acquisition Pty. Limited**
- **Multi-Color Australia Holdings Pty. Limited**
- **Multi-Color Bingen Germany GmbH**
- **Multi-Color Canada, Inc.**
- **Multi-Color Clydebank Scotland Limited**
- **Multi-Color Cwmbran UK Limited**
- **Multi-Color Daventry England Ltd**
- **Multi-Color Hann. Muenden Germany GmbH**
- **Multi-Color Heiligenstadt Germany GmbH**
- **Multi-Color Label Corporation-Mexico, S.A. de C.V.**
- **Multi-Color Labels Castlebar Ireland Limited**
- **Multi-Color Labels Ireland Limited**
- **Multi-Color Montreal Canada Corporation**
- **Multi-Color UK Holdings 2 Limited**
- **Multi-Color Warsaw Poland Sp. z o.o.**
- **Spear Group Holdings Limited**
- **W/S Packaging Group, LLC**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MULTI-COLOR CORPORATION, | ) | Case No. 26-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| LABL, Inc. | 3284 Northside Parkway NW, Suite 400 Atlanta, Georgia 30327 | 100% |

---

[1]  This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MULTI-COLOR CORPORATION, | ) | Case No. 26-_____(___) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| LABL, Inc. | 100% |

**Fill in this information to identify the case:**

Debtor name: __**Multi-Color Corporation, et al.**__

United States Bankruptcy Court for the __**District of New Jersey**__
(State)

Case number (*If known*): _____

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders[1]**          12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 1 | Wilmington Trust, National Association, as Trustee Corporate Trust Office 350 Park Avenue New York, NY, 10022 Attn: LABL, Inc. Notes Administrator | Stuart Lurie (973) 725-0093 slurie@wilmingtonpaper.com | 10.50% Senior Notes due July 15, 2027 | | | | $728,237,500 |
| 2 | Wilmington Trust, National Association, as Trustee Corporate Trust Office 350 Park Avenue New York, NY, 10022 Attn: LABL, Inc. Notes Administrator | Stuart Lurie (973) 725-0093 slurie@wilmingtonpaper.com | 8.25% Senior Notes due November 1, 2029 | | | | $478,344,800 |
| 3 | Avery Dennison Corp 8035 Lakewinds Drive Oak Harbor, Ohio 43449 | Ryan Yost 440-725-6339 ryan.yost@averydennison.com | Trade Vendors | | | | $27,954,896 |
| 4 | INX International Ink Co. 97141 Eagle Way Chicago, Illinois 60678 | Sean J. Toomey 612-381-7516 sean.toomey@inxintl.com | Trade Vendors | | | | $8,274,343 |
| 5 | Sappi Dept 1705 Pay Sphere Circle Chicago, Illinois 60674 | Don Titherington 704 -904-8053 Mike Haws (for emails) - mike.haws@sappi.com | Trade Vendors | | | | $7,577,528 |
| 6 | Mitsubishi Corporation 2001 Hood Road Greer, South Carolina 29650 | Eric Mossbrook 864-420-2988 eric.mossbrook@mcgc.com | Trade Vendors | | | | $6,625,010 |
| 7 | Sun Chemical Corp 35 Waterview Boulevard Parsippany, New Jersey 07054 | Russ Henke 513-417-8639 russ.henke@sunchemical.com | Trade Vendors | | | | $6,382,469 |
| 8 | Innovia Films 6001 Gun Club Road Winston Salem, North Carolina 27103 | Simon Huber +41 (0)79 470 95 51 Simon.Huber@innoviafilms.com | Trade Vendors | | | | $5,607,808 |

[1]   On a consolidated basis.  The information herein shall not constitute an admission of liability by, nor is it binding on, and Debtors with respect to all or any portion of the claims listed below.  Moreover, nothing herein shall affect any Debtor's right to challenge the amount or characterization of any claim at a later date.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | UPM-Kymmene Oyjz Dept. CH 19515 Palatine, Illinois 60055-9515 | Brinder Gill 267 218 3002 brinder.gill@upmraflatac.com | Trade Vendors | | | | $5,253,041 |
| 10 | Green Bay Packaging 1700 N Webster Court Green Bay, Wisconsin 54302 | Jon Bast 715-525-1565 jbast@gbpcoated.com | Trade Vendors | | | | $4,922,372 |
| 11 | Bain & Company, Inc. 131 Dartmouth Street Boston, Massachusetts 02116 | Adam Forman 773-510-2326 Adam.Forman@Bain.com | Professional Services | | | | $4,393,000 |
| 12 | Siegwerk Druckfarben AG & Co. KGaA 1 Quality Products Rd Morganton, North Carolina 28655 | Todd Blumsack +001 704-254-515 Todd.Blumsack@siegwerk.com | Trade Vendors | | | | $4,299,271 |
| 13 | Redwood-Levantor Sales Finance Spaces Moorgate 30 Moorgate London, EX2R 6DA United Kingdom | Alex Daw +44 737 933 3745 alex.daw@Levantor.com | Trade Financing | | | | $4,271,054 |
| 14 | YUPO Corporation PO Box 7777 W-502067 Philadelphia, Pennsylvania 19175-2067 | Alex Cruz 757-752-1918 acruz@yupo.com | Trade Vendors | | | | $3,809,374 |
| 15 | Mark Andy, Inc. 18081 Chesterfield Airport Road Chesterfield, Missouri 63005 | Steve Schute 314-614-3391 steve.schultte@markandy.com | Trade Vendors | | | | $3,628,173 |
| 16 | Microworks America Inc. 1000 SKC Drive Covington, Georgia 30014 | Mark Cho 470-418-7597 mcho@m-wks.com | Trade Vendors | | | | $3,270,678 |
| 17 | Taghleef Industries LLC 500 Creek View Road, Suite 301 Newark, Delaware 19711 | Duncan Henshall 1 336 2070494 duncan.henshall@ti-films.com | Trade Vendors | | | | $3,024,994 |
| 18 | Heidelberg Materials PO Box 5160 Carol Stream, Illinois 60197 | Frank Steigleder 49 172 7363601 frank.steigleder@heidelberg.com | Trade Vendors | | | | $2,895,054 |
| 19 | Uber Freight US 1515 3rd Street San Francisco, California 94158 | Valerie Robinson 775-544-533 valerie.robinson@uberfreight.com | Transportation and Logistics | | | | $2,493,804 |
| 20 | Flint Group 1455 Paysphere Circle Chicago, Illinois 60674 | Nicole Hummer 1330-461-7061 nicole.hummer@flintgrp.com | Trade Vendors | | | | $2,262,418 |
| 21 | Inteplast Group Corporation 9 Peach Tree Hill Road Livingston, New Jersey 07039 | Michael Demchinski 973-908-2188 mdemchinski@inteplast.com | Trade Vendors | | | | $2,192,408 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 22 | Klockner Pentaplast Europe PO Box 784067 Philadelphia, Pennsylvania 19178-4067 | Andrew Lewandowski 540-406-9641 Andrew.Lewandowski@kpfilms.com | Trade Vendors | | | | $2,056,682 |
| 23 | Flexcon Company, Inc. 1 Flexcon Industrial Park Spencer, Massachusetts 01562 | Nick Tucci (440) 289-9469 ntucci@flexcon.com | Trade Vendors | | | | $2,032,829 |
| 24 | Synthomer plc. 3379 Peachtree Road NE, Suite 750 Atlanta, Georgia 30326 | Michael Watson (864) 208-6900 mike.watson@synthomer.com | Trade Vendors | | | | $1,646,990 |
| 25 | Kurz Transfer Products PO Box 63182 Charolette, North Carolina 28263-3182 | Myron W. Werner 704-564-0863 myron.werner@kurzusa.com | Trade Vendors | | | | $1,614,602 |
| 26 | Ahlstrom NA Specialty Solutions LLC 707 Arlington Place Stevens Point, WI 54481 | Bob Van Helden 920-450-6628 Bob.vanhelden@pixelle.com | Trade Vendors | | | | $1,575,602 |
| 27 | Oliver Wyman Inc 1166 Avenue of the Americas New York, NY 10036 | Jessica Stansbury 212-345-8000 Jessica.stansbury@oliverwyman.com | Professional Services | | | | $1,556,727 |
| 28 | The Flemish Region 35 Koning Albert II Laan Box 90 Brussels 1030 Belgium | Ms. Francine Lemaire +3225229751 lemaire.francine@proximus.be | Litigation | CUD | | | Unknown |
| 29 | Ricardo Martinez-Porte - Contact Available Upon Request | Valdemar Martinez Garza 81 8348 8080 | Litigation | CUD | | | Unknown |
| 30 | California Class Action Wage and Hour Lawsuits | Multiple Contacts - Available Upon Request | Litigation | C | | | Unknown |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **Multi-Color Corporation** |
| United States Bankruptcy Court for the: | **District of New Jersey** |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | 01/29/2026 | ☒ */s/ Garrett Gabel* |
| | MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | | **Garrett Gabel** |
| | | Printed name |
| | | **Authorized Signatory** |
| | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**OMNIBUS WRITTEN CONSENT OF**
**THE AUTHORIZING BODIES OF EACH OF THE ENTITIES LISTED ON**
**<u>SCHEDULE 1</u> HERETO**

**January 25, 2026**

The undersigned, being all the members of the respective board of directors or board of managers, the sole manager, the sole member, or other governing body (each, an "<u>Authorizing Body</u>," and collectively, the "<u>Authorizing Bodies</u>"), as applicable, of each entity listed on **Schedule 1** attached hereto (each, a "<u>Filing Entity</u>," and collectively, the "<u>Filing Entities</u>"), in lieu of holding a special meeting of such Authorizing Body, hereby take the following actions and adopt the following resolutions by unanimous written consent pursuant to each Filing Entity's bylaws, limited liability company agreement, or similar governing documents, as applicable (collectively, the "<u>Governing Documents</u>"), and the applicable laws of each jurisdiction in which each Filing Entity is organized or incorporated.

**WHEREAS**, the Authorizing Bodies have reviewed and considered: (a) entry into that certain restructuring support agreement (as may be amended, modified, or supplemented from time to time, the "<u>Restructuring Support Agreement</u>"), including all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, providing for the implementation of that certain prepackaged joint chapter 11 plan for the Filing Entities, reflecting the terms set forth in the Restructuring Support Agreement (as may be amended, modified, or supplemented from time to time, the "<u>Plan</u>"), consistent with the Restructuring Support Agreement, and related disclosures; (b) commencement of solicitation of the Plan; (c) filing the Plan and that certain disclosure statement supporting the Plan (as may be amended, modified, or supplemented from time to time, the "<u>Disclosure Statement</u>") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "<u>Bankruptcy Code</u>"); (d) entry into and performance under the DIP Documents (as defined herein); (e) filing of voluntary petitions for relief under the Bankruptcy Code for the Filing Entities pursuant to applicable law and in accordance with the requirements of each Filing Entity's Governing Documents and applicable law (the foregoing clauses (a) through (e), together with the transactions contemplated by the Restructuring Support Agreement and incorporated in the Plan and the Disclosure Statement, the "<u>Restructuring Matters</u>"); and (f) retention of the professionals, as set forth herein, in the chapter 11 cases;

**WHEREAS**, the Restructuring Support Agreement provides that it can be terminated by a Company Party (as defined therein) if the applicable governing body of a Company Party determines, in good faith, after consulting with counsel, that proceeding with the Restructuring Transactions (as defined in the Restructuring Support Agreement) contemplated thereby would be inconsistent with the exercise of its fiduciary duties or applicable law;

**WHEREAS**, the Authorizing Bodies have reviewed and considered the materials presented by the Filing Entities' management team and financial and legal advisors regarding, among other things, the liabilities, obligations, and liquidity of each Filing Entity, the strategic and financial alternatives available to it, and the effect of the foregoing on such Filing Entity's business and operations;

**WHEREAS**, the Authorizing Bodies have reviewed and considered the Restructuring Matters contemplated herein and have had adequate opportunity to consult the Filing Entities' management team and financial and legal advisors regarding the same, obtain additional information, and fully consider each of the strategic alternatives available to the Filing Entities;

**WHEREAS**, the Authorizing Bodies have determined, in their business judgment, that the adoption of the following resolutions (these "Resolutions"), and the actions, transactions, and documentation contemplated thereby, are advisable and in the best interests of the Filing Entities, their creditors, their stakeholders, and other parties in interest; and

**NOW, THEREFORE, BE IT RESOLVED**, that, pursuant to the applicable Governing Documents, the Authorizing Bodies do hereby unanimously adopt the following Resolutions.

## RESTRUCTURING SUPPORT AGREEMENT, SOLICITATION OF THE PLAN, DISCLOSURE STATEMENT, AND CHAPTER 11 FILING

**FURTHER RESOLVED**, that, in the business judgment of the Authorizing Bodies, it is desirable and in the best interests of the Filing Entities (including consideration of their stakeholders, their creditors, and other parties in interest) that each Filing Entity finalize, execute, and deliver that certain Restructuring Support Agreement, and all other exhibits, schedules, attachments, and ancillary documents or agreements, in each case subject to any necessary modifications and final negotiations consistent with these Resolutions, and, in accordance with the requirements in each Filing Entity's Governing Documents and the applicable laws of the jurisdiction in which such Filing Entity is organized, and the Filing Entities' entry into the Restructuring Support Agreement and the performance of their obligations thereunder be, and hereby are, in all respects, authorized and approved;

**FURTHER RESOLVED**, that, in the business judgment of the Authorizing Bodies, the form, terms, and provisions of the Restructuring Support Agreement, the transactions contemplated thereby, including any auction, sales process, merger, business combination, reorganization, recapitalization, asset sale, equity sale, or other fundamental transaction contemplated thereby, and all other documents, agreements, instruments, and/or certificates that have been, or will be, executed, delivered, and/or filed under or in connection with the Restructuring Support Agreement, including, but without limitation, the Definitive Documents (as defined therein), be, and hereby are, in all respects, authorized and approved;

**FURTHER RESOLVED**, that the form, terms, and provisions of the Plan and the Disclosure Statement are hereby approved by the Authorizing Bodies;

**FURTHER RESOLVED**, that, in the business judgment of the Authorizing Bodies, it is desirable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest to commence solicitation of the Plan, pursuant to section 1125(g) of the Bankruptcy Code, and the commencement of solicitation of the Plan be, and hereby is, in all respects, authorized and approved;

**FURTHER RESOLVED**, that, in the business judgment of the Authorizing Bodies, it is desirable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest that each Filing Entity file, or cause to be filed, the Plan and the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and any and all actions necessary or appropriate to file or cause to be filed the Plan, the Disclosure Statement, and such related papers and documents, and to pursue confirmation and consummation of a plan of reorganization that is materially consistent with the Plan, be, and hereby are, in all respects, authorized and approved;

**FURTHER RESOLVED**, that, in the business judgment of the Authorizing Bodies, it is desirable and in the best interests of the Filing Entities, their stakeholders, their creditors, and other parties in interest that each Filing Entity file, or cause to be filed, a voluntary petition for relief (the "Bankruptcy Petitions") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") or other court of competent jurisdiction, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Filing Entity's Governing Documents and the applicable laws of the jurisdiction in which such Filing Entity is organized, all actions in connection with the filing of the Bankruptcy Petitions be, and hereby are, in all respects, ratified, authorized, and approved;

**FURTHER RESOLVED**, that any directors, managers, or other duly appointed officers of the Filing Entities (collectively, the "Authorized Persons"), which shall include the Chief Executive Officer, the Chief Financial Officer, the Chief Legal Officer, any Executive Vice President, or any Senior Vice President, and Garrett Gabel shall be, and each of them individually hereby is, authorized and directed for, and on behalf of, the Filing Entities to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of the Filing Entities in respect of the Restructuring Matters, and/or any persons to whom such Authorized Persons delegate certain responsibilities be, and hereby are, authorized to execute and file on behalf of the Filing Entities all petitions, including the Bankruptcy Petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Filing Entities' businesses and to commence solicitation of the Plan consistent with the Restructuring Support Agreement; and

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby is, with power of delegation, authorized, empowered, and directed, together with the financial and legal advisors to the Filing Entities, to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Filing Entities' chapter 11 cases, with a view to the successful prosecution of such cases.

## USE OF CASH COLLATERAL, DEBTOR-IN-POSSESSION FINANCING, AND ADEQUATE PROTECTION

**FURTHER RESOLVED**, that it is desirable and in the best interests of the Filing Entity, its stakeholders, creditors, and other parties in interest to obtain the benefits of (a) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code

(the "Cash Collateral"), which is security for certain of MCC Manufacturing, Inc.'s (together with any other borrower from time to time party thereto, the "Borrower") (i) prepetition secured lenders under (A) that certain ABL Credit Agreement, dated as of October 29, 2021 (as amended, restated, amended and restated, or otherwise modified from time to time), and (B) that certain Cash Flow Credit Agreement, dated as of October 29, 2021 (as amended, restated, amended and restated, or otherwise modified from time to time), in each case by and among LABL, as Parent Borrower, the other borrowers party thereto, and the lenders party thereto and (ii) prepetition holders of secured notes issued pursuant to that certain Indenture, dated as of October 29, 2021 (as amended, supplemented, restated, or amended and restated from time to time), by and among LABL, as Issuer (as defined therein), the guarantors party thereto, and Wilmington Trust, National Association, as trustee and note collateral agent (the lenders and noteholders in clauses (i) and (ii), the "Prepetition Lenders"), and (b) the incurrence of debtor-in-possession financing obligations (the "DIP Financing") by entering into that certain senior secured superpriority debtor-in-possession financing facility, which may take the form of loans issued pursuant to the DIP Credit Agreement (as defined below) and/or notes issued pursuant to the DIP Note Purchase Agreement (as defined below), in each case, with certain of the Prepetition Lenders and their administrative agent and/or notes agent, (collectively, the "DIP Facility");

**FURTHER RESOLVED**, that, in order to use and obtain the benefits of DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Filing Entity will provide certain adequate protection to the Prepetition Lenders (the "Adequate Protection Obligations") as documented in proposed interim and final orders (collectively, the "Financing Orders") to be submitted for approval of the Bankruptcy Court, and, to the extent that the Filing Entity is required to obtain consent from the Prepetition Lenders to enter into any of the DIP Documents, as defined herein, such consent has been (or will be) obtained;

**FURTHER RESOLVED**, that, in the business judgment of the Authorizing Bodies, the form, terms, and provisions of each of the instruments and documents governing the DIP Facility listed below (collectively, the "DIP Documents"), and each Filing Entity's execution, delivery, and performance of its obligations under the DIP Documents, including, without limitation, the grant of security interests under the DIP Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved:

(a)    that certain senior secured superpriority debtor-in-possession credit agreement to be entered into by and among the Filing Entity party thereto and certain of such Filing Entity's subsidiaries and affiliates, as borrowers and guarantors, as applicable, SRS Acquiom, or an agent acceptable to the Required DIP Lenders (as defined in the DIP Documents, the "DIP Agent"), as administrative agent and collateral agent, and the lenders party thereto (the "DIP Credit Agreement");

(b)    each other Loan Document (as such term is defined in the DIP Credit Agreement);

(c)    that certain senior secured superpriority debtor-in-possession note purchase agreement to be entered into by and among the Filing Entity party thereto and certain of such Filing Entity's subsidiaries and affiliates, as issuers, the DIP Agent, as notes agent and collateral agent, and the note purchasers party thereto (the "DIP Note Purchase Agreement");

(d)    each other Note Document (or similar term, in each case as such term is defined in the DIP Note Purchase Agreement);

(e)    any guarantee agreement, collateral security agreement, or pledge agreement executed in connection with the DIP Facility;

(f)    the Financing Orders; and

(g)    all other certificates, instruments and documents executed or delivered to or in favor of any of the DIP Secured Parties (as defined in the DIP Documents) including, without limitation, as applicable, debentures, mortgages, control agreements, mortgages, deeds, charges, promissory notes, intercompany notes, intellectual property security agreements, notes, fee letters and such other documents that are ancillary or incidental thereto or that may be reasonably requested by the DIP Secured Parties in connection with the loans made or notes purchased and transactions contemplated under the DIP Documents, as the same may be amended, supplemented, or modified from the time to time;

**FURTHER RESOLVED**, that, to the extent applicable, the Filing Entities shall be, and are hereby, authorized to enter into the DIP Documents and incur the obligations thereunder (the "DIP Obligations"), and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Filing Entities to execute, deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Documents in the name and on behalf of the Filing Entities, with such immaterial changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Filing Entities, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates, recordings, and filings, in the name and on behalf of the Filing Entities, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing Resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of the Filing Entities, to enter into any other documents, certificates, instruments, agreements, intercreditor agreements, extension amendment, incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of the Filing Entities;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Filing Entities to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to

the Financing Orders, and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Filing Entities, necessary to implement the postpetition financing, including the Adequate Protection Obligations to the Prepetition Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Documents and the use of Cash Collateral in connection with the chapter 11 cases, which agreements may require the Filing Entities to grant adequate protection and liens to the Prepetition Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Filing Entities pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, the Filing Entities to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which the Filing Entities are or will be party or any order entered into in connection with the chapter 11 cases (together with the DIP Documents and the Financing Orders, collectively, the "Financing Documents") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Person executing the same shall approve;

**FURTHER RESOLVED**, that the Filing Entities, as debtors and debtors in possession under the Bankruptcy Code, be, and hereby are, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on their assets to secure such obligations; and

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, the Filing Entities, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing Resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

## RETENTION OF PROFESSIONALS

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to employ on behalf of each Filing Entity: (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, as general bankruptcy counsel; (b) the law firm of Cole Schotz P.C., as co-bankruptcy counsel; (c) Evercore Group L.L.C., as investment banker; (d) AlixPartners, LLP, as financial advisor; (e) Kurtzman Carson Consultants, LLC (d/b/a Verita Global), as claims and noticing agent; (f) Quinn Emanuel Urquhart & Sullivan, as special counsel to LABL, Inc.; and (g) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals that the Authorized Persons deem necessary, appropriate, or advisable; each to represent and assist each Filing Entity in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any motions, objections, replies, applications, pleadings, or responses); and in connection therewith, the Authorized Persons be, and hereby are, authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

**FURTHER RESOLVED**, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that the Authorized Persons, in their absolute discretion, deem necessary, proper, appropriate, or desirable in accordance with the foregoing Resolutions.

## GENERAL AUTHORIZATION

**FURTHER RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons (and their designees and delegates), either individually or as otherwise required by each Filing Entity's governing documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Filing Entities relating to the Restructuring Matters;

**FURTHER RESOLVED**, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Filing Entities, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to, filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein;

**FURTHER RESOLVED**, that the Authorizing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as

may be required by the Governing Documents of the Filing Entities, or hereby waive any right to have received such notice;

**FURTHER RESOLVED**, that any actions taken by any manager or Authorized Person for or on behalf of the Filing Entity prior to the date hereof that would have been authorized by these Resolutions but for the fact that such actions were taken prior to the date hereof be, and hereby are, adopted, approved, confirmed, and ratified in all respects as the actions of the Filing Entity; and

**FURTHER RESOLVED**, that any Authorized Person (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds, and other things as the Filing Entities themselves may lawfully do, in accordance with their governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing Resolutions, including, but not limited to, the negotiation, finalization, execution, and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem, or determine necessary, appropriate, or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

The actions taken by this omnibus unanimous written consent shall have the same force and effect as if taken at a special meeting of the Authorizing Body of each Filing Entity duly called and constituted pursuant to the applicable Governing Documents of such Filing Entity.

**Schedule 1**

| Entity | Jurisdiction of Formation |
|---|---|
| Multi-Color Corporation | Ohio |
| Collotype International Holdings Pty Ltd | Australia |
| Cunamara Investments Pty Limited | Australia |
| Exportaciones IM -Promocion, S.A. de C.V. | Mexico |
| Grafo Regia S. de R.L. de C.V. | Mexico |
| Hally Group Pty Ltd | Australia |
| Hally Labels Pty Limited | Australia |
| Hexagon Holdings Limited | New Zealand |
| Kiwi Labels Limited | New Zealand |
| Labels Buyer, LLC | Delaware |
| LABL Acquisition Corporation | Delaware |
| LABL Holding Corporation | Delaware |
| LABL Intermediate Holding Corporation | Delaware |
| LABL, Inc. | Delaware |
| MCC Ablis France SAS | France |
| MCC Adelaide Pty Ltd | Australia |
| MCC Albany Limited | New Zealand |
| MCC Auckland Limited | New Zealand |
| MCC Cardiff Ltd. | United Kingdom |
| MCC Christchurch Limited | New Zealand |
| MCC France EST SAS | France |
| MCC France Ouest SAS | France |
| MCC (Griffith) Pty Ltd | Australia |
| MCC Labels Australia Holdings Pty Ltd | Australia |
| MCC Label Sydney Pty Ltd | Australia |
| MCC Labels Australia Pty Ltd | Australia |
| MCC Manufacturing, Inc. | Delaware |
| MCC Melbourne Pty Ltd | Australia |
| MCC Nantes France SAS | France |
| MCC Perth Pty Ltd | Australia |
| MCC Poznań Sp. z o.o. | Poland |
| MCC Smart Packaging Solutions, LLC | Delaware |
| MCC Verstraete Australia Pty Ltd | Australia |
| MCC Verstraete In Mold Labels USA Inc. | Delaware |
| MCC Verstraete N.V. | Belgium |
| MCC-Norwood, LLC | Ohio |
| Multi-Color (New Zealand) Holdings Pty Limited | New Zealand |
| Multi-Color (New Zealand) Pty Limited | New Zealand |
| Multi-Color (QLD) Pty Ltd | Australia |
| Multi-Color Australia Acquisition Pty. Limited | Australia |
| Multi-Color Australia Holdings Pty. Ltd | Australia |

| Multi-Color Canada Inc. | Canada |
|---|---|
| Multi-Color Clydebank Scotland Limited | Scotland |
| Multi-Color Cwmbran UK Limited | England & Wales |
| Multi-Color Daventry England Ltd | England & Wales |
| Multi-Color Label Corporation-Mexico, S.A. de C.V. | Mexico |
| Multi-Color Labels Castlebar Ireland Limited | Ireland |
| Multi-Color Labels Ireland Limited | Ireland |
| Multi-Color Montreal Canada Corporation | Canada |
| Multi-Color UK Holdings 2 Limited | England & Wales |
| Multi-Color Warsaw Poland Sp. Z.o.o | Poland |
| Spear Group Holdings Limited | England & Wales |
| W/S Packaging Group, LLC | Delaware |

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MCC ABLIS FRANCE SAS**
**MCC FRANCE EST SAS**
**MCC FRANCE OUEST SAS**
**MCC NANTES FRANCE SAS**

By: MCC France F&B SAS
Its: Sole Associé

By:  Peter Bitter
Title: Director

By: Dag Gunderson
Title: Director

By: Matthew Skiles
Title: Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**CUNAMARA INVESTMENTS PTY LIMITED**
**COLLOTYPE INTERNATIONAL HOLDINGS PTY LTD**
**HALLY GROUP PTY LTD**
**HALLY LABELS PTY LIMITED**
**HEXAGON HOLDINGS LIMITED**
**KIWI LABELS LIMITED**
**MCC ADELAIDE PTY LTD**
**MCC ALBANY LIMITED**
**MCC AUCKLAND LIMITED**
**MCC CHRISTCHURCH LIMITED**
**MCC (GRIFFITH) PTY LTD**
**MCC LABELS AUSTRALIA HOLDINGS PTY LTD**
**MCC LABEL SYDNEY PTY LTD**
**MCC MELBOURNE PTY LTD**
**MCC PERTH PTY LTD**
**MCC VERSTRAETE AUSTRALIA PTY LTD**
**MULTI-COLOR AUSTRALIA HOLDINGS PTY. LTD**
**MULTI-COLOR (NEW ZEALAND) HOLDINGS PTY LIMITED**
**MULTI-COLOR (NEW ZEALAND) PTY LIMITED**
**MULTI-COLOR (QLD) PTY LTD**
**MULTI-COLOR AUSTRALIA ACQUISITION PTY. LIMITED**



Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MCC CARDIFF LTD.**
**MULTI-COLOR CLYDEBANK SCOTLAND LIMITED**
**MULTI-COLOR CWMBRAN UK LIMITED**
**MULTI-COLOR UK HOLDINGS 2 LIMITED**
**SPEAR GROUP HOLDINGS LIMITED**

Signed by:

_____
0D482F803178409

Dag Gunderson
Director

Signed by:

_____
EE8B46AA4C6A452

Matthew Skiles
Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MCC LABELS AUSTRALIA PTY LTD**

Daren Thomas Hudson
Director

Docusign Envelope ID: 15207B8E-7D7A-47C0-87E3-531EF57592CB

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

MULTI-COLOR CANADA INC.

_Chintan Patel_
F761BD8D7291418...
Chintan Patel
Director

_Matthew Skiles_
EE8B46A4C6A452...
Matthew Skiles
Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**EXPORTACIONES IM -PROMOCION, S.A. DE C.V.**
**MULTI-COLOR DAVENTRY ENGLAND LTD**
**MULTI-COLOR LABEL CORPORATION-MEXICO, S.A. DE C.V.**

Signed by:

*Matthew Skiles*
EE8B46AA4C6A452...

_____

Matthew Skiles
Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MCC POZNAŃ SP. Z O.O.**

_____
Matthew Skiles
Management Board Member

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MULTI-COLOR WARSAW POLAND SP. Z.O.O**

_____

Dag Gunderson
Management Board Member

_____

Matthew Skiles
Management Board Member

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MULTI-COLOR LABELS CASTLEBAR IRELAND LIMITED**
**MULTI-COLOR LABELS IRELAND LIMITED**

DocuSigned by:

*Garrett Dempsey*
059ED30E2442432
_____
Garrett Dempsey

Signed by:

0D482F803178409
_____
Dag Gunderson

Signed by:

MATTHEW SKILES
EE8B46AA4C6A452
_____
Matthew Skiles

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MULTI-COLOR MONTREAL CANADA CORPORATION**

Signed by:

*MATTHEW SKILES*

EEBB46AA4C6A452...

_____

Matthew Skiles
Director

Signed by:

*Nicolas Werbiski-Fortin*

02F91E2B707E43E...

_____

Nicolas Werbiski-Fortin
Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**GRAFO REGIA S. DE R.L. DE C.V.**

_____
Peter Bitter
Director

_____
Matthew Skiles
Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MCC VERSTRAETE**

DocuSigned by:

*Mathieu Niewenhuyse*

5E286DC258B940E...

Mathieu Niewenhuyse
Director

Signed by:

*MATTHEW SKILES*

EE8B46AA4C6A452...

Matthew Skiles
Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**LABL, INC.**

Signed by:

*Peter Laurinaitis*

437D86D9B1A94AE...

_____

Peter Laurinaitis


_____

Roger Meltzer


_____

Hassan Rmaile

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**LABL, INC.**

_____

Peter Laurinaitis

_____

Roger Meltzer

_____

Hassan Rmaile

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**LABL, INC.**

_____

Peter Laurinaitis

_____

Roger Meltzer

_____

Hassan Rmaile

Docusign Envelope ID: 95B0B268-EAA4-4433-909B-5209ABFE639A

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

### LABELS BUYER, LLC

Beth Amato
Director

David Fernandes
Director

Justin Kirchner
Director

Glenn Richter
Director

Hassan Rmaile
Director

David Scheible
Director

Nathan Sleeper
Director

Robert Volpe
Director

Docusign Envelope ID: D4878B4B-68D2-4365-820C-DA7C42C05D27

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MCC SMART PACKAGING SOLUTIONS, LLC**
**W/S PACKAGING GROUP, LLC**

By:  MCC Manufacturing, Inc.
Its:  Sole Member

By:  Hassan Rmaile
Its:  Sole Director

**IN WITNESS WHEREOF,** each of the undersigned has executed this unanimous written consent as of the first date written above.

**MCC MANUFACTURING, INC.**
**MCC VERSTRAETE IN MOLD LABELS USA INC.**
**MULTI-COLOR CORPORATION**
**LABL ACQUISITION CORPORATION**
**LABL HOLDING CORPORATION**
**LABL INTERMEDIATE HOLDING CORPORATION**
**MCC-NORWOOD, LLC**

DocuSigned by:

*HHR*

3A7C7068A0AD440...

Hassan Rmaile
Director