**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
steven.serajeddini@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Rachael M. Bentley (admitted *pro hac vice*)
Peter A. Candel (admitted *pro hac vice*)
Ashley L. Surinak (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
rachael.bentley@kirkland.com
peter.candel@kirkland.com
ashley.surinak@kirkland.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| MULTI-COLOR CORPORATION, *et al.*, | Case No. 26-10910 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' OBJECTION TO
APPLICATION FOR ORDER SHORTENING TIME**

---

[1]  The last four digits of Debtor Multi-Color Corporation's tax identification number are 5853.  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/MCC.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  3284 Northside Parkway NW, Suite 400, Atlanta, Georgia 30327.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") object to the *Application for Order Shortening Time* [Docket No. 265] (the "Application")[2] filed by the Cross-Holder Ad Hoc Group (the "Applicant") with regard to the *Cross-Holder Ad Hoc Group's Emergency Motion for Relief From the Sale Process and for Modification of Certain Related Materials* [Docket No. 263] (the "Sale Process Motion") and the *Motion for an Order Authorizing the Submission of the Motion for Relief from the Sale Process and for Modification of Certain Related Material and its Exhibits Under Seal and Granting Related Relief* [Docket No. 264] (the "Motion to Seal," and, together with the Sale Process Motion, the "Motions"). In support of this objection, the Debtors respectfully state as follows:

**Objection**

1.  The Application requests that the Motions—which seek to exert unjustifiable control over the Debtors' marketing process—be considered on shortened notice pursuant to Bankruptcy Rule 9006(c)(1). To meet the standard for shortened notice, "the moving party must provide evidence in its motion that if the motion is not granted there is a ***danger of irreparable harm*** or clear prejudice to the moving party." *In re S. Willow Creek Farm*, 1999 WL 1244511 at *3 (10th Cir. B.A.P. Dec. 20, 1999) (emphasis added). Mere "[a]dministrative convenience does not justify an abbreviated notice." *In re Sandra Cotton, Inc.*, 65 B.R. 153, 156 (Bankr. W.D.N.Y. 1986).

2.  The Applicant falls well short of carrying its burden of demonstrating irreparable harm or clear prejudice sufficient to justify consideration on shortened notice for the Motions. The stated emergency necessitating a hearing on less than forty-eight hours' notice is the generic, and false, assertion that the Debtors' marketing process "has negative implications for both potential

---

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

2

bidders and creditors of the Debtors." App. ¶ 3. The Applicant is a minority holdout group representing approximately 10% of the Debtors' funded debt creditors in a case where more than a supermajority of those creditors support the Debtors' proposed plan and general unsecured creditors are unimpaired. The Sale Process Motion appears to be another premature confirmation objection and nothing warrants hearing such opposition now on the emergency basis under which Applicant is seeking relief. The purported emergency simply does not exist, and the Application is devoid of any detail as to exigent circumstances, danger of irreparable harm, or clear prejudice justifying shortened notice.

3.      As there is no statutory requirement for a marketing process, there is likewise no requirement for bidding or auction procedures related to any marketing or sale process. *See, e.g.*, *In re Trans World Airlines, Inc.*, 2001 WL 1820326, at *4 (Bankr. D. Del. Apr. 2, 2001) (noting that a "sale transaction does not require an auction procedure"). Nonetheless, the Debtors, in an exercise of their business judgment, commenced a marketing process to determine whether an actionable, value-maximizing alternative to the transactions described in the Plan and the Restructuring Support Agreement (the "Restructuring Transactions") exists.[3] The Debtors engaged with parties regarding their marketing process nearly two weeks ago when the Debtors sent a standard, confidential process letter to, among others, advisors to the Applicant. Rather than submitting its proposal for an alternative transaction (which the Applicant stated at the first day hearing was already in process),[4] the Applicant spent the next three days drafting an extensive list

---

[3]    For the avoidance of doubt, such a process is permitted under the terms of the Restructuring Support Agreement. *See Declaration of Garrett Gabel, Chief Restructuring Officer of Multi-Color Corporation and Certain of Its Affiliates, in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 23], Ex. A § 7.02(g) (permitting the Debtors to "seek or solicit . . . an Alternative Restructuring Proposal for . . . a sale or disposition of the assets of the Company Parties.").

[4]    *See* Jan. 30, 2026 Hearing Tr. at 149:22–23.

3

of alleged deficiencies in the Debtors' marketing process. In response to the foregoing, the Debtors shared their form nondisclosure agreement (the "NDA") with advisors to the Applicant and sought confirmation of a single, but critically important, piece of information—the capacity (creditor or bidder) in which the Applicant intended to participate in the marketing process. After approximately four requests over two days, the Applicant committed to being a bidder.

4. Thereafter, the Applicant proceeded to obfuscate again regarding the identities of potential co-bidders, with whom it appeared the Applicant had already been in contact. The Debtors requested that the identity of the potential co-bidders be disclosed to allow Evercore to commence outreach to these parties to share the Debtors' process letter and form NDA. To date, the Applicant has refused to share the identity of the co-bidders with the Debtors' advisors and, without providing a legitimate basis for withholding this information, the Applicant filed the Motions and the Application. Further, the proposed markup of the form NDA attached as Exhibit 1 to the Sale Process Motion represents the first NDA markup that the Debtors have seen from the Applicant.

5. Although the Sale Process Motion is framed as an altruistic pursuit of a fair process, the Applicant has been singularly focused on hindering the Debtors' restructuring efforts from the outset of these chapter 11 cases through extensive and costly litigation. The Applicant is not an estate fiduciary, nor a statutory committee, and is under no obligation to represent any other party's interests other than its own. It is astonishing that the Applicant nevertheless asserts that there will be no prejudice to other parties in interest from the Court hearing the Sale Process Motion with no opportunity for parties to object.[5] The Motions are being brought by *a group of private creditors*

---

[5] Confusingly, in the *Notice of Motion of the Cross-Holder Ad Hoc Group's Emergency Motion for Relief From the Sale Process and for Modification of Certain Related Materials* (the "Notice of Sale Process Motion"), the Applicant discloses that "objections or responses, if any, to the relief sought in the [Sale Process] Motion shall . . . be filed . . . so as to be received on or before *March 3, 2026*." Not. of Sale Process Mot. at 2. This date is, of

*with no duties to the estates whatsoever.* The Applicant is seeking to supplant the Debtors' business judgment, exercised pursuant to their duties as estate fiduciaries, for the Applicant's own self-interested judgment.

6. Further, not only has the Applicant sought to have the Sale Process Motion heard on shortened notice and with no opportunity to object, the Applicant has taken an additional, egregious self-help step to hinder any objection to the Application from being filed. The Applicant filed the Motions and the Application at approximately 6:00 p.m. Eastern time on February 17, 2026. The Sale Process Motion is heavily redacted. Indeed, three of the six clauses describing the relief requested through the Sale Process Motion are *completely redacted*. Neither the Debtors, nor any other party in interest, can respond to a motion seeking relief when they are unable to ascertain half of the requested relief. The Applicant waited approximately *six hours* from the filing of the Motions and the Application to share the unredacted Sale Process Motion with the Debtors, at approximately midnight Eastern time. Whether intentional or an oversight, the Applicant's failure to promptly provide unredacted copies of the Sale Process Motion to the Debtors (never mind other parties in interest) justifies denial of the Application outright.

7. The Debtors seek an opportunity to prepare an objection to the Sale Process Motion. Given the lack of a *bona fide* emergency and the Applicant's attempt at self-help in suppressing any opportunity to object to the Sale Process Motion, the Debtors respectfully request the Court deny the Application, provide the Debtors and other parties in interest with time to respond to the Motions by February 27, 2025, and set the Motions for hearing during the already scheduled "Second Day" hearing on March 3, 2026, subject to the Court's availability. Granting

---

course, 11 days after the date on which the Applicant requested that the Court grant a hearing on the Sale Process Motion. There appears to be no alternative proposed deadline for objections were the Court to grant the Application.

5

Case 26-10910-MBK    Doc 274    Filed 02/18/26    Entered 02/18/26 10:31:12    Desc Main
                    Document      Page 6 of 7
Case 26-10910-MBK    Doc 274    Filed 02/18/26    Entered 02/18/26 10:31:12    Desc Main
                    Document      Page 6 of 7

this time to the Debtors and other parties in interest will not prejudice the Applicant, who remains entitled to participate in the marketing process and submit their proposal for a value-maximizing alternative transaction.

The Debtors therefore ask that the Court deny the Application.

[*Remainder of page intentionally left blank.*]

6

Dated: February 18, 2026

*/s/ Michael D. Sirota*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Michael D. Sirota, Esq. | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Warren A. Usatine, Esq. | Steven N. Serajeddini, P.C. (admitted *pro hac vice*) |
| Felice R. Yudkin, Esq. | 601 Lexington Avenue |
| Court Plaza North, 25 Main Street | New York, New York 10022 |
| Hackensack, New Jersey 07601 | Telephone: (212) 446-4800 |
| Telephone: (201) 489-3000 | Facsimile: (212) 446-4900 |
| Email:  msirota@coleschotz.com | Email:   steven.serajeddini@kirkland.com |
|           wusatine@coleschotz.com | |
|           fyudkin@coleschotz.com | -and- |

*Proposed Co-Counsel to the Debtors and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Rachael M. Bentley (admitted *pro hac vice*)
Peter A. Candel (admitted *pro hac vice*)
Ashley L. Surinak (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:       (312) 862-2200
Email:             rachael.bentley@kirkland.com
                       peter.candel@kirkland.com
                       ashley.surinak@kirkland.com

*Proposed Co-Counsel to the Debtors and Debtors in Possession*