**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Steven N. Serajeddini, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
steven.serajeddini@kirkland.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Rachael M. Bentley (admitted *pro hac vice*)
Peter A. Candel (admitted *pro hac vice*)
Ashley L. Surinak (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
rachael.bentley@kirkland.com
peter.candel@kirkland.com
ashley.surinak@kirkland.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Proposed Co-Counsel to the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>MULTI-COLOR CORPORATION, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 26-10910 (MBK)<br><br>(Jointly Administered) |

---

[1] The last four digits of Debtor Multi-Color Corporation's tax identification number are 5853. A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/MCC. The location of the Debtors' service address for purposes of these chapter 11 cases is: 3284 Northside Parkway NW, Suite 400, Atlanta, Georgia 30327.

## DEBTORS' COUNTER-STATEMENT OF THE ISSUES AND
## COUNTER-DESIGNATIONS OF THE RECORD ON APPEAL

Pursuant to Rule 8009(a) of the Federal Rules of Bankruptcy Procedure, the above-captioned Debtors and Debtors in Possession (collectively, the "Debtors") respectfully submit the following counter-statement of the issues to be presented on appeal and counter-designation of items for inclusion in the record on appeal in connection with the appeals (the "Appeals") filed by the Cross-Holder Ad Hoc Group (the "Cross-Holder Ad Hoc Group") and the Excluded First Lien Lenders (together with the Cross-Holder Ad Hoc Group, the "Appellants") [Dkt. Nos. 260, 291] from the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Liens and Superpriority Administrative Expense Claims, (II) Granting Adequate Protection to Certain Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 106] (the "Interim DIP Order").

### Counter-Statement of the Issues on Appeal

1.      Whether Appellants' challenges to the Bankruptcy Court's findings or rulings regarding venue made on the record at the hearing on January 30, 2026 and/or in the Interim DIP Order are premature, not ripe for appellate review, and/or should be dismissed because the Bankruptcy Court has not issued a final ruling on the pending Motion to Dismiss or Transfer for Lack of Venue [Dkt. No. 71] (the "Venue Motion").

2.      Whether the Debtors' verified petition [Dkt. No. 1], which included an affirmative representation that venue was proper in the District of New Jersey, constitutes *prima facie* evidence of proper venue, such that venue in the District of New Jersey is presumed proper and the burden rests on the Appellants, as movants on the Venue Motion, to prove that venue is improper, and whether—as of the date the Bankruptcy Court granted the Interim DIP Order—

Appellants had failed to satisfy their burden of proof.

3.      Whether the Bankruptcy Court was required to hold an evidentiary hearing and enter an order deciding the Venue Motion before granting critical first-day relief, or whether it could instead consider and grant critical first-day relief while simultaneously ordering the parties to conduct venue-related discovery and setting a briefing schedule and evidentiary hearing on the Venue Motion, such that the Venue Motion could be decided upon a full and complete record and after argument on the merits.

4.      Whether Appellants have waived or otherwise failed to preserve any right to contest venue and/or should be collaterally estopped or otherwise prevented from contesting venue.

5.      Whether the Appeals are moot or must be dismissed because Appellants did not seek or obtain a stay pending appeal of the Interim DIP Order.

6.      Whether the Bankruptcy Court abused its discretion in finding that the approved DIP facility was superior to a debtor-in-possession financing proposal by the Cross-Holder Ad Hoc Group.

7.      Whether the Bankruptcy Court abused its discretion or erred as a matter of law in granting the Interim DIP Order.

8.      Whether the Appeals should be dismissed, in whole or in part, pursuant to 28 U.S.C. § 1292(b), 28 US.C. § 158(a), or Fed. R. Bankr. P. 8003 or 8004, or for otherwise failing to meet the requirements for appellate review of the Interim DIP Order.

**<u>Counter-Designations of the Record on Appeal</u>**

9.      The Debtors hereby designate all items designated by the Cross-Holder Ad Hoc Group and the Excluded First Lien Lenders in their respective designations of the record on appeal [Docket Nos. 260, 291].  Additionally, the Debtors counter-designate the docket sheets and the

following documents from the proceedings indicated in the tables below for inclusion in the record

on appeal.  The following designations of pleadings and matters of record include all exhibits

attached to or referenced in the designated items.

| In re Multi-Color Corporation, et al., Bankruptcy Court for the District of New Jersey, Case No. 26-10910 (MBK) | | |
|---|---|---|
| **Docket Date** | **Docket No.** | **Description** |
| 2/4/2026 | 0125 | *Joint Request to Certify DIP Order for Direct Appeal, of the Cross-Holder Ad Hoc Group and the Excluded First Lien Lenders (Filed by Paul R. DeFilippo on Behalf of Cross-Holder Ad Hoc Group)* |
| 2/9/2026 | 0196 | *Secured Ad Hoc Group's Objection to Request to Certify DIP Order for Direct Appeal (Filed by Thomas Michael Walsh on Behalf of Secured Ad Hoc Group)* |
| 2/9/2026 | 0197 | *Debtors' Response in Opposition to the Joint Request to Certify DIP Order for Direct Appeal, of Cross-Holder Ad Hoc Group and the Excluded First Lien Lenders (Filed by Michael D. Sirota on Behalf of Multi-Color Corporation)* |
| 2/9/2026 | 0198 | *CD&R's Objection to Joint Request of the Cross-Holder Ad Hoc Group and the Excluded First Lien Lenders to Certify Interim DIP Order for Direct Appeal (Filed by Eric S. Chafetz on Behalf of Clayton Dubilier & Rice LLC, on Behalf of itself and its Affiliates and/or Related Entities, Including CD&R Labels Holdings, L.P., Arawak XI, L.P., Arawak XI-A, L.P., CD&R Investment Associates XI, Lt.)* |
| 2/11/2026 | 0224 | *Order Denying Joint Request to Certify DIP Order for Direct Appeal, of the Cross-Holder Ad Hoc Group and the Excluded First Lien Lenders* |

| 2/18/2026 | 0277 | *Adjournment Request [Hearing will be adjourned to FEBRUARY 26, 2026 at 11:00 am. The hearing date is Not Peremptory.]* |
|---|---|---|
| 2/19/2026 | 0302 | *Debtors' Omnibus Objection to Motions Seeking Dismissal or Transfer of Venue (Filed by Michael D. Sirota on Behalf of Multi-Color Corporation)* |
| 2/19/2026 | 0295 | *CD&R's Joinder and Objection to Motions of Cross-Holder Group and United States Trustee to Dismiss Case and Transfer Venue (Filed by Eric S. Chafetz on Behalf of Clayton Dubilier & Rice LLC, on Behalf of Itself and Its Affiliates and/or Related Entities, Including CD&R Labels Holdings, L.P., Arawak XI, L.P., Arawak XI-A, L.P., CD&R Investment Associates XI, Lt.)* |
| 2/20/2026 | 0314 | *The Secured Ad Hoc Group's Joinder to Debtors' and CD&R's Objections to Motions Seeking Dismissal or Transfer of Venue (Filed by Thomas Michael Walsh on Behalf of Secured Ad Hoc Group)* |
| 3/3/2026 | 0381 | *Final Order (I) Authorizing Payment of All Trade Claims in the Ordinary Course of Business, (II) Granting Administrative Expense Priority to Undisputed Obligations on Account of Outstanding Orders, (III) Authorizing Satisfaction of Obligations Related Thereto, and (IV) Granting Related Relief* |
| 3/3/2026 | 0385 | *Final Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (II) Granting Related Relief* |

| | | |
|---|---|---|
| 3/3/2026 | 0386 | *Final Order (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs and (B) Honor Certain Prepetition Obligations Related Thereto and (II) Granting Related Relief* |
| 3/3/2026 | 0387 | *Final Order (I) Approving the Debtors' Proposed Adequate Assurance of Payment for Future Utility Services, (II) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services, (III) Approving the Debtors' Proposed Procedures for Resolving Adequate Assurance Requests, and (IV) Granting Related Relief* |
| 3/3/2026 | 0388 | *Final Order (I) Authorizing the Debtors to (A) Maintain Insurance and Surety Coverage and Letters of Credit Entered into Prepetition and Pay Related Prepetition Obligations, (B) Renew, Supplement, Modify, or Purchase Insurance and Surety Coverage and Letters of Credit Postpetition, and (C) Continue to Pay Broker Fees and (II) Granting Related Relief* |
| 3/3/2026 | 0390 | *Final Order (I) Authorizing the Payment of Certain Taxes and Fees and (II) Granting Related Relief* |

| ***In re Cross-Holder Ad Hoc Group & Excluded First Lien Lenders***, U.S. Court of Appeals for the Third Circuit, Case No. 26-1312 | | |
|---|---|---|
| **Docket Date** | **Docket No.** | **Description** |
| 2/13/2026 | 1 | Petition for Writ of Mandamus filed by Petitioners Cross-Holder Ad Hoc Group and Excluded First Lien Lenders |
| 2/20/2026 | 15 | *Response filed by Respondent Secured Ad Hoc Group* |
| 2/20/2026 | 16 | *Response filed by Respondent Clayton Dubilier & Rice LLC* |
| 2/20/2026 | 17 | *Response filed by Respondent Multi-Color Corp.* |
| 2/24/2026 | | *ORDER (SHWARTZ, BOVE and AMBRO, Circuit Judges) denying Petition for Writ of Mandamus filed by Petitioners Cross-Holder Ad Hoc Group and Excluded First Lien Lenders.* |

Dated: March 3, 2026

/s/ *Felice R. Yudkin*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com
rjareck@coleschotz.com

*Proposed Co-Counsel for Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
Steven N. Serajeddini, P.C. *(admitted pro hac vice)*
Joshua Greenblatt, P.C. *(admitted pro hac vice)*
Jeffrey R. Goldfine P.C. *(admitted pro hac vice)*
Kaitlin P. Sheehan *(admitted pro hac vice)*
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
sserajeddini@kirkland.com
josh.greenblatt@kirkland.com
jeffrey.goldfine@kirkland.com
kaitlin.sheehan@kirkland.com

**KIRKLAND & ELLIS LLP**
Rachael M. Bentley *(admitted pro hac vice)*
Peter A. Candel *(admitted pro hac vice)*
Ashley L. Surinak *(admitted pro hac vice)*
Casey McGushin *(admitted pro hac vice)*
Melanie MacKa*y (admitted pro hac vice)*
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
rachael.bentley@kirkland.com
peter.candel@kirkland.com
ashley.surinak@kirkland.com
casey.mcgushin@kirkland.com
melanie.mackay@kirkland.com

*Proposed Co-Counsel for Debtors and Debtors*
*in Possession*