**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
Evan R. Fleck, Esq. (admitted *pro hac vice*)
Matthew Brod, Esq. (admitted *pro hac vice*)
Alexander Lees, Esq. (admitted *pro hac vice*)
Justin Cunningham, Esq. (admitted *pro hac vice*)
efleck@milbank.com
mbrod@milbank.com
alees@milbank.com
jcunnin1@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

**CHIESA SHAHINIAN &
GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 325-1500
Facsimile:  (973) 325-1501
Matthew E. Beck, Esq.
Thomas M. Walsh, Esq.
Sam Della Fera, Jr., Esq.
mbeck@csglaw.com
twalsh@csglaw.com
sdellafera@csglaw.com

*Co-Counsel for the Secured Ad Hoc Group*

**IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MULTI-COLOR CORPORATION, *et al.*, | ) | Case No. 26-10910 (MBK) |
| | ) | |
| Debtors.[1] | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**THE SECURED AD HOC GROUP'S JOINDER TO THE DEBTORS' MOTION
TO DISBAND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

The ad hoc group of secured first-lien lenders and noteholders (the "Secured Ad Hoc

Group"), by and through its undersigned counsel, hereby submits this joinder to the *Debtors'*

*Emergency Motion for Entry of an Order (I) Disbanding the Committee or in the Alternative*

*(II) (A) Directing the U.S. Trustee to Reconstitute the Committee and (B) Granting Case*

---

[1]   The last four digits of Debtor Multi-Color Corporation's tax identification number are 5853. A complete list of
each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing
agent at https://www.veritaglobal.net/MCC. The location of the Debtors' service address for purposes of these
chapter 11 cases is:  3284 Northside Parkway NW, Suite 400, Atlanta, Georgia 30327.

*Protections* [Docket No. 553],[2] incorporates by reference the arguments made therein, and respectfully states as follows:

## **PRELIMINARY STATEMENT**

1.      The appointment of an unsecured creditors' committee here is untimely and unnecessary. These prepackaged cases commenced on January 29, 2026, and a hearing to confirm the Debtors' chapter 11 plan [Docket No. 17] is scheduled to occur in only six days. The unsecured creditors already have voted in favor of the plan (or are otherwise unimpaired), which means there is absolutely nothing for an official committee to do for this constituency, other than make mischief. And even if there were work to be done on behalf of unsecured creditors, that constituency is already adequately represented: these cases have been characterized by copious— some might say *excessive*—litigation initiated by the Cross Holder Ad Hoc Group, which has been using every opportunity to divert value to the unsecured classes.

2.      The U.S. Trustee's belated appointment of an official committee is the height of futility, coming on the heels of its failed attempt to divest this Court of authority to hear these cases. All an official committee can do here is run up estate costs, duplicating the work already undertaken by the Cross Holder Ad Hoc Group, and injecting more noise and uncertainty into a prepackaged case that is supported by all classes and was designed to allow the Debtors to emerge swiftly from chapter 11. None of this would benefit unsecured creditors; it would instead jeopardize the very reorganization they have duly voted to accept. The Court should exercise is discretion to put a stop to this wasteful gamesmanship.

---

[2]    Capitalized terms not otherwise defined herein have the same meanings as in the Debtors' motion.

**ARGUMENT**

3.      As this Court recently held, bankruptcy judges have authority to review the decisions of the U.S. Trustee with respect to the appointment and composition of official committees under section 1102 of the Bankruptcy Code. *See In re LTL Mgmt., LLC*, 636 B.R. 610, 619–22 (Bankr. D.N.J. 2022) ("[A] Court may review the U.S. Trustee's other administrative functions, such as those under § 1102 in connection with the appointment of creditors."); *see also* Fed. R. Bankr. P. 2020 (expressly providing for judicial review of the United States Trustee's acts as contested matters). In reviewing the U.S. Trustee's decisions, bankruptcy courts apply an "arbitrary and capricious" or "abuse of discretion" standard of review. *Id.* at 622 (citing *In re Mercury Finance. Co.*, 240 B.R. 270 (N.D. Ill. 1999) (internal citations omitted); *In re Barney's Inc.*, 197 B.R. 431, 438 (Bankr. S.D.N.Y. 1996) (same); *see also In re Cont'l Cast Stone, LLC*, 625 B.R. 203, 209 (Bankr. D. Kan. 2020) ("Review under § 105 is a means to ensure the trustee has not abused its discretion or acted in an arbitrary and capricious manner."). "The trustee's decision is arbitrary and capricious if it 'is based on an erroneous conclusion of law, a record devoid of evidence on which the decision maker could rationally have based its decision, or is otherwise patently unreasonable, arbitrary or fanciful.'" *Cont'l Cast Stone,* 625 B.R. 203 at 209 (quoting *In re Barney's Inc.*, 197 B.R. at 439).

4.      Where a bankruptcy court determines that the U.S. Trustee's appointment was improper, disbandment of the committee is an available remedy. Courts have consistently recognized that section 105(a)—authorizing the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title"—provides a statutory basis for this relief. *See, e.g.*, *LTL Mgmt.*, 636 B.R. at 622–24 (discussing the availability of disbandment as a potential remedy, finding appointment of committees could not be afforded

3

deference and ultimately disbanding committees); *Mercury*, 240 B.R. at 278 (concluding court can "issue any order necessary and appropriate to rectify" arbitrary conduct by U.S. Trustee).[3]

5.      The U.S. Trustee's appointment of the committee in these cases was arbitrary, unnecessary, and outside the bounds of reasonable discretion. These cases were commenced almost eight weeks ago, on January 29, 2026. The confirmation hearing is now imminent; set to occur in only six days, on March 31. And that hearing would have occurred already but for a two-week extension that the Court ordered to accommodate the Cross Holder Ad Hoc Group. [Docket No. 97]. With less than a week until the confirmation hearing, there is little time for an official committee to get up to speed, let alone accomplish anything in furtherance of the interests of unsecured creditors. As the official committee informed the Court in its request to adjourn the ongoing DIP hearing, "the Committee and its professionals require additional time to familiarize themselves with the facts and circumstances of these complex cases and to consider the terms of the proposed DIP financing facility." And with such little time remaining, the official committee is seeking to further delay these cases, having sought to adjourn the confirmation hearing by at least a full month, to no earlier than April 30, 2026.

6.      Nor is there any need for the committee. Unsecured creditors have voted in favor of the plan or are otherwise unimpaired.[4] Any delay, uncertainty, or added cost that an official

---

[3]   *See also In re City of Detroit*, 519 B.R. 673, 679–80 (Bankr. E.D. Mich. 2014) ("[T]he court is authorized to vacate the appointment of the Committee pursuant to 11 U.S.C. § 105"); *In re Pac. Ave., LLC*, 467 B.R. 868, 870 (Bankr. W.D.N.C. 2012) (ordering disbandment under § 105); *In re Coalinga Reg'l Med. Ctr.*, 608 B.R. 746, 757–58 (Bankr. E.D. Cal. 2019) ("there is no specific code provision that explicitly forbids the court from vacating the appointment of an unsecured creditors' committee" and disbanding the committee under § 105(a)); *In re Cont'l Cast Stone, LLC*, 625 B.R. 203, 209–10 (Bankr. D. Kan. 2020) (disbanding committee, writing that where "the trustee is found to have abused its discretion, the bankruptcy judge may invoke § 105(a) and generally do as he sees fit." (internal quotation omitted)).

[4]   Docket No. 482 (*Declaration of James Lee with Respect to The Tabulation of Votes on the Joint Prepackaged Plan of Reorganization of Multi-Color Corporation and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code*) at 6 (reflecting that 83% of Class 5 Junior Funded Debt Claim holders voted in favor of the plan).

committee imposes upon confirmation of the plan is a disservice to its constituency. All it will do is imperil the reorganization that unsecured creditors want. *See In re Pac. Ave., LLC*, 467 B.R. 868, 871 (Bankr. W.D.N.C. 2012) (finding relevant to disbandment that "the Committee's efforts have served to hinder rather than advance the very interests it claims to protect-as well as the interests of other parties in these cases").

7.      The Debtors' unsecured creditors holding funded-debt claims—including two of the three creditors on the newly appointed official committed (UMB Bank, N.A., and Shenkman Capital Management, Inc.)—already are represented by the Cross Holder Ad Hoc Group. That group has litigated extensively in these cases, seeking to extract additional value for unsecured creditors. In less than two months, it has filed on the main chapter 11 docket alone:

- a motion to dismiss or transfer on basis of improper venue (January 30, 2026) [Docket No. 71];

- an application to shorten time related to the motion to dismiss or transfer venue (January 30, 2026) [Docket No. 72];

- an omnibus objection to the DIP motion (January 30, 2026) [Docket No. 74]; an objection to the form of DIP order (February 2, 2026) [Docket No. 105];

- an emergency motion for relief from the sale process (February 17, 2026) [Docket No. 263];

- an opposition to the special committee's emergency motion for entry of a protective order (February 19, 2026) [Docket No. 297];

- a motion *in limine* related to the testimony of Matthew Jacques (February 25, 2026) [Docket No. 347];

- an objection to final approval of DIP motion (March 10, 2026) [Docket No. 426]

- an objection to confirmation of the plan (March 24, 2026) [Docket No. 535];

- and a motion to designate the votes of the Secured Ad Hoc Group and the Sponsor (March 24, 2026) [Docket No. 536].

8. The Cross Holder Ad Hoc Group then appealed the interim DIP order and sought certification for a direct appeal to the Third Circuit (February 4, 2026) [Docket No. 125].[5] It also appealed the Court's venue decision, and filed not one, but two petitions for a writ of mandamus in respect of the venue issue.[6] The Cross Holder Ad Hoc Group meanwhile commenced an adversary proceeding to determine the extent of secured creditors' liens and the value of their collateral,[7] in which it filed an objection to motions to intervene (March 2, 2026) [Adv. Docket No. 20] and an opposition to the defendant's motion to stay, abstain, or dismiss (March 13, 2026) [Docket No 44]. The committee has now moved to intervene in that adversary proceeding, even though it effectively acknowledged that it is adequately represented because it is "aligned with the Plaintiffs" there.[8]

9. In addition to these court submissions, the Cross Holder Ad Hoc Group has aggressively pursued discovery. It served more than 45 written document requests on each of the Debtors, the sponsor, and two members of the Secured Ad Hoc Group. This was on top of interrogatories and requests for admission served on the Debtors. Beyond written discovery, the Cross Holder Ad Hoc Group has taken ten depositions. It has retained expert witnesses and commissioned expert reports to challenge final approval of the DIP financing and plan confirmation. And it has participated vigorously in every hearing before the Court, spending hours upon hours cross-examining witnesses and presenting slide shows in support of lengthy oral arguments.

---

[5] *Cross-Holder Ad Hoc Group v. Multi-Color Corporation*, 3:26-cv-01061 (D.N.J.).

[6] *Petition for a Writ of Mandamus to the Bankruptcy Court for the District of New Jersey in No. 26-10910-MBK, Hon. Michael B. Kaplan*, 26-1312 (3rd Cir.) (Feb. 13, 2026); 26-1595 (3rd Cir.) (March 18, 2026).

[7] *BTG Pactual Asset Management US, LLC v. Barclays Bank PLC*, 3:26-ap-01041 (Bankr. D.N.J).

[8] *BTG Pactual Asset Management US, LLC v. Barclays Bank PLC*, 3:26-ap-01041, ECF No. 52 at 7 (Bankr. D.N.J) (March 24, 2026).

10.     Under these circumstances, the U.S. Trustee's appointment of an official committee defies explanation. There is simply no reason for another party to be introduced into these cases to speak up for unsecured creditors less than two weeks before a hearing to approve a plan that the unsecured classes support—let alone an official committee that must be paid by the estate. The most such a committee could do is duplicate the work of the Cross Holder Ad Hoc Group and make the Debtors pay for it. This would be at cross purposes with the interests of unsecured creditors, given how they have voted. The official committee must be disbanded.

## **RESERVATION OF RIGHTS**

11.     The Secured Ad Hoc Group reserves the right to amend or supplement this joinder; to join in any additional motions or related filings; and to participate in any hearing regarding the Debtors' motion.

## **CONCLUSION**

For the reasons set forth above and in the Debtors' motion, the Court should disband the Official Committee of Unsecured Creditors and award the Secured Ad Hoc Group such other and further relief as is just.

Dated: March 25, 2026

/s/ Thomas M. Walsh
Matthew E. Beck, Esq.
Thomas M. Walsh, Esq.
Sam Della Fera, Jr., Esq.
**CHIESA SHAHINIAN & GIANTOMASI PC**
105 Eisenhower Parkway
Roseland, New Jersey 07068
Telephone:  (973) 325-1500
Facsimile:  (973) 325-1501
E-mail:  mbeck@cgslaw.com
     twalsh@csglaw.com
     sdellafera@csglaw.com

*-and-*

Evan R. Fleck, Esq. (admitted *pro hac vice*)
Matthew Brod, Esq. (admitted *pro hac vice*)
Alexander Lees, Esq. (admitted *pro hac vice*)
Justin Cunningham, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
55 Hudson Yards
New York, New York 10001-2163
Telephone:  (212) 530-5000
Facsimile:  (212) 530-5219
E-mail:  efleck@milbank.com
     mbrod@milbank.com
     alees@milbank.com
     jcunnin1@milbank.com

Melanie Westover Yanez, Esq. (admitted *pro hac vice*)
Hannah A. Blazek, Esq. (admitted *pro hac vice*)
**MILBANK LLP**
1101 New York Avenue, N.W.
Washington, D.C. 20005
Telephone:  (202) 835-7500
Email:  mwyanez@milbank.com
     hblazek@milbank.com

*Co-Counsel for the Secured Ad Hoc Group*

8